**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JORGE VAZQUEZ,

        Plaintiff,

vs.                                   Case No. 6:12-cv-1595-Orl-37DAB

BARRY MELAMED and ORANGE
COUNTY SERVICE UNIT,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Complaint (Doc. 1), filed October 23, 2012;

2. Co-Defendant Barry Melamed's Motion to Dismiss Plaintiffs' [sic] Complaint with Prejudice, or, in the Alternative, Motion for Judgment on the Pleadings and Integrated Memorandum of Law (Doc. 14), filed December 21, 2012;

3. Co-Defendant Orange County Service Unit's Motion to Dismiss Plaintiff's Complaint with Prejudice, or, in the Alternative, Motion for Judgment on the Pleadings and Integrated Memorandum of Law (Doc. 15), filed December 21, 2012;

4. Plaintiff's Motion to Dismiss Co-Defendant Orange County Service Unit's Dispositive Motion, or, in the Alternative, Cross Motion to Amend the Complaint (Doc. 18), filed January 9, 2013; and

5. Plaintiff's Motion to Dismiss Co-Defendant Barry Melamed's Dispositive Motion, or, in the Alternative, Cross Motion to Amend the Complaint

(Doc. 19), filed January 9, 2013.[1]

Upon consideration, the Court hereby grants in part and denies in part Defendants' motions to dismiss, for the reasons set forth below.

## BACKGROUND

Plaintiff, appearing *pro se*, filed this suit against his former employer, Defendant Orange County Service Unit (OCSU), and former supervisor, Defendant Barry Melamed. (Doc. 1.) He alleges violations of Title VII and the Florida Civil Rights Act (FCRA).[2] (*Id.* at 2.) He appears to bring two claims: (1) a discrimination claim based on disparate treatment; and (2) a retaliation claim. (*Id.*) Plaintiff, who is Puerto Rican, alleges that he was "harassed, belittled, denied training and time off and held to different di[s]ciplinary procedures" than his white coworkers. (*Id.*) He also alleges that he was passed over for a promotion that was given to a less qualified white coworker, Jim Demchak. (*Id.*) Further, Plaintiff claims that Defendants retaliated against him. (*Id.*) Plaintiff's employment was terminated on June 13, 2012. (*Id.*)

Defendant Melamed moves to dismiss the claims against him, arguing that Title VII and the FCRA do not allow actions against individuals. (Doc. 14, p. 3.) Defendant OCSU also moves to dismiss the claims against it, arguing that: (1) the Complaint fails to state either a discrimination or a retaliation claim; (2) the Complaint constitutes a shotgun pleading; and (3) the Complaint fails to show that OCSU is an employer within the meaning of Title VII or the FCRA. (Doc. 15, pp. 3–7.) Plaintiff responded. (Docs. 18,

---

[1] The Court construes Plaintiffs' "motions" (Docs. 18, 19) as responses to Defendants' motions to dismiss. To the extent that they seek relief other than the leave to amend the Complaint granted in this Order, the "motions" are denied. Plaintiff is directed to designate any future responses to Defendants' motions as "responses."

[2] The Court will analyze the claims under Title VII, as the Title VII analysis guides the FCRA analysis. *See Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).

19.) This matter is now ripe for the Court's adjudication.

## STANDARDS

*Pro se* plaintiffs are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

In considering a motion to dismiss, the Court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

## DISCUSSION

**I. Claims Against Barry Melamed**

"Individual capacity suits under Title VII are . . . inappropriate. The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991); *see also Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (holding that *Busby* applies to all employers, both public and private). The case is the same with regard to suits against individuals under the FCRA. *Lapar v. Potter*, 395 F. Supp. 2d 1152, 1160 (M.D. Fla. 2005) ("Plaintiff's claims against the individual Defendants . . . are

dismissed because the law is clear that employers, rather than individual employees, are the proper defendants in Florida Civil Rights Act suits.").

As Plaintiff sues Defendant Melamed individually, the claims against him are inappropriate and are properly encompassed in Plaintiff's claims against OCSU, his employer. Therefore, Plaintiff's claims against Defendant Melamed are due to be dismissed with prejudice. Plaintiff is directed not to replead his claims against Defendant Melamed in his amended complaint.

## II.     Claims Against OCSU

Title VII provides that it is unlawful for an employer[3] "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

### A.     Disparate Treatment

The elements of a discrimination claim based on a disparate treatment theory are: (1) Plaintiff is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person

---

[3] OCSU argues that Plaintiff's Complaint fails to allege that OCSU is an "employer" within the meaning of Title VII and the FCRA. (Doc. 15, p. 7 (citing *Arquez v. Shelley*, No. 11-61592-Civ, 2012 WL 2523114, at *2 (S.D. Fla. June 29, 2012) (dismissing without prejudice Title VII and FCRA claims for failure to particularly allege the requisite number of employees)).) To come within the statutes, OCSU must employ more than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding year. (*Id.* (citing 42 U.S.C. § 2000e(b); Fla. Stat. § 760.02(7)).) Here, Plaintiff alleges that OCSU was his employer and that it violated Title VII and the FCRA. (Doc. 1, p. 2.) The Court construes these allegations to allege that OCSU employs the requisite number of employees and therefore falls within the purview of the statutes. The Court also notes that Plaintiff avers in his response that he has personal knowledge that OCSU employed the requisite number of employees. (Doc. 18, p. 2.) The Court therefore encourages Plaintiff to reallege the specific number of employees of which he is aware in his amended complaint.

outside his protected class or treated less favorably than a similarly situated comparator outside his protected class. *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003). Plaintiff has alleged that: (1) he is Hispanic; (2) he was qualified for a promotion; (3) he was denied the promotion and fired; and (4) a less qualified white coworker, Jim Demchak, was given the promotion instead. (Doc. 1, p. 2.) These allegations sufficiently make out a disparate treatment claim.[4] This claim shall proceed, though Plaintiff is urged to keep in mind the pleading directives laid out below when he files his amended complaint.

### B.    Retaliation

Plaintiff also includes an allegation that Defendants retaliated against him. (*Id.*) The elements of retaliation are: (1) Plaintiff engaged in protected activity; (2) his employer took adverse action against him; and (3) there is a causal connection between the protected activity and the adverse action. *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998). Plaintiff has not sufficiently alleged facts supporting each of these elements.

While he attaches his EEOC complaint, that complaint was made after Plaintiff was terminated and so could not possibly have caused his termination. (Doc. 1-1, p. 2.) Plaintiff's response to the motion to dismiss states that he was fired "after he filed an

---

[4] Though Plaintiff appears to make out only a disparate treatment claim, he also includes allegations of harassment and belittling. (Doc. 1, p. 2.) These allegations could support a hostile work environment claim. The elements of discrimination based on a hostile work environment theory are: (1) Plaintiff is a member of a protected class; (2) he was subject to unwelcome conduct; (3) the conduct was based on his protected class; (4) the conduct was sufficiently severe or pervasive to alter the terms and conditions of his employment and create an abusive working environment; and (5) a basis for holding his employer liable. *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010). If Plaintiff chooses to replead a hostile work environment claim, he shall set it out and label it separately and include factual allegations to support each legal element.

internal complaint." (Doc. 18, p. 2.) If that internal complaint is the basis upon which Plaintiff claims he engaged in protected activity, he must make that allegation in his amended complaint. He must also sufficiently allege that the internal complaint caused his termination. Therefore, this claim is due to be dismissed without prejudice.

Plaintiff is hereby given leave to file an amended complaint[5] that complies with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida.[6] The amended complaint should: (1) first, make short, plain statements of the facts—not legal conclusions—with each pertinent fact listed in a separately numbered paragraph in chronological order; (2) then, list the claims that Plaintiff intends to pursue in separate sections labeled as "counts," with each element of each claim supported by the previously listed facts; and (3) finally, describe what harm has occurred and the relief to which Plaintiff believes he is entitled. Plaintiff should replead his disparate treatment, retaliation, and (if he has one) hostile work environment claims against OCSU in the above manner.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Co-Defendant Barry Melamed's Motion to Dismiss Plaintiffs' [sic] Complaint with Prejudice, or, in the Alternative, Motion for Judgment on the Pleadings and Integrated Memorandum of Law (Doc. 14) is **GRANTED**. The claims against Defendant Melamed are **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to terminate Defendant

---

[5] Nothing in this Order discharges Plaintiff's obligation to appear at the hearing before Magistrate Judge David A. Baker on March 18, 2013 (Doc. 26), nor does it change the requirement that the Joint Case Management Report be filed by March 22, 2013 (Doc. 25).

[6] The Local Rules can be found at http://www.flmd.uscourts.gov/.

        Melamed as a party to this action.

2. Co-Defendant Orange County Service Unit's Motion to Dismiss Plaintiff's Complaint with Prejudice, or, in the Alternative, Motion for Judgment on the Pleadings and Integrated Memorandum of Law (Doc. 15) is **GRANTED IN PART AND DENIED IN PART**. The motion is **DENIED** as to the disparate treatment claim; that claim shall proceed. The motion is **GRANTED** as to the retaliation claim; that claim is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff has leave to file an amended complaint that complies with the strictures of this Order on or before April 12, 2013.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 12, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

*Pro Se* Party