**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JORGE VAZQUEZ,**

    **Plaintiff,**

**v.**
                                          **Case No.: 6:12-cv-1595-Orl-37DAB**

**ORANGE COUNTY SERVICE UNIT,**

    **Defendant.**
_____/

**DEFENDANT'S UNOPPOSED MOTION TO CONDUCT LIMITED DISCOVERY
OUTSIDE THE DISCOVERY DEADLINE**

Defendant, **ORANGE COUNTY SERVICE UNIT** ("Defendant" or "OCSU"), pursuant to Fed. R. Civ. P. 6(b) and Paragraph II(B)(2) of this Court's Case Management and Scheduling Order [Doc. 33], moves this Court for the entry of an Order permitting OSCU to conduct limited discovery outside the discovery deadline, and in support of the relief requested, states as follows:

1. Pursuant to this Court's Case Management and Scheduling Order, the discovery deadline in this case is October 1, 2013.

2. OSCU has coordinated with the Plaintiff to schedule six depositions prior to the October 1, 2013 discovery cutoff. However, Plaintiff represents he is unable to attend the depositions prior to the discovery deadline due to exceptional circumstances beyond his control.

3. The parties have mutually agreed to conduct the depositions of six witnesses (Robin Bouey, Selene Fossit, Diana Moore, Alfred Short, Leona Rachman

and Mark Bunker) on October 8, 2013, or as soon as possible thereafter, depending on the availability of each witness.

4. The depositions of the six witnesses are necessary as each witness is believed to have material knowledge relevant to the claims and defenses raised in the Amended Complaint.

5. The parties do not seek to conduct any additional discovery outside the current discovery cut off. Though it is expected that each of these six depositions will be taken well in advance of the dispositive motion deadline, the parties do agree that any discovery conducted after the dispositive motions date established in this Court's Case Management and Scheduling Order will not be available for summary judgment purposes.

6. Defendant further states that granting the relief requested will not result in any prejudice to either party. All parties agree that the extension will not affect the dispositive motions deadline or the trial date, nor will it delay any proceedings in this matter or affect any other deadlines established in the Case Management and Scheduling Order. All parties agree that they will not use the granting of this extension in support of a motion to extend another date or deadline.

**WHEREFORE**, Defendant respectfully requests the entry of an Order permitting OSCU to depose the six deponents identified herein outside the current discovery deadline.

### MEMORANDUM OF LAW

Defendant's request falls within the auspices of Fed. R. Civ. P. 6(b), which provides the Court with wide discretion to enlarge the time for doing an act required

under the Federal Rules of Civil Procedure such as the timing of discovery. <u>Woods v. Allied Concord Financial Corp.</u>, 373 F.2d 733, 734 (5th Cir. 1967). "Courts generally have given Rule 6(b) a liberal interpretation in order to work substantial justice." <u>Hoffman v. Kennedy</u>, 30 F.R.D. 50, 52 (E.D. Pa.1962).

OSCU has attempted to conduct the depositions of the six deponents within the established discovery deadline; however, due to circumstances beyond the control of Plaintiff, Plaintiff is not available. The parties have mutually agreed on a date of October 8, 2013 to depose each of the witnesses. Each witness is believed to have material knowledge relevant to the claims and defenses in this case. The parties do not seek to conduct any additional discovery outside the current discovery cut off. Further, all parties agree that the extension will not affect the dispositive motions deadline or the trial date, nor will it delay any proceedings in this matter or affect any other deadlines established in the Case Management and Scheduling Order.

**<u>CERTIFICATE OF COUNSEL CONFERENCE</u>**

Pursuant to <u>M</u>.<u>D</u>. <u>Fla</u>. <u>Loc</u>. <u>R</u>. 3.01(g), the undersigned certifies that she has conferred with the Plaintiff in a good faith effort to resolve the issues raised herein. Plaintiff consents to the relief requested in the subject motion.

Dated this 25th day of September, 2013.

Respectfully submitted,

/s/ Lisa A. Barclay
**LISA A. BARCLAY**
Florida Bar No. 948802
E-mail: lbarclay@sniffenlaw.com
**JEFFREY D. SLANKER**
Florida Bar No. 0100391
Email: jslanker@sniffenlaw.com
**ROBERT J. SNIFFEN**
Florida Bar Number: 0000795
Email: rsniffen@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 NORTH MONROE STREET
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*COUNSEL FOR DEFENDANT*
*ORANGE COUNTY SERVICE UNIT*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of September, 2013, I electronically filed a true and correct copy of the foregoing in the United States District Court, Middle District of Florida, Orlando Division, by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF registrants, and that I have served a copy of the foregoing via U.S. Certified Mail, postage pre-paid to the Plaintiff, Jorge Vazquez, 905 Nancy Court, Kissimmee, FL 34759.

s/ Lisa A. Barclay
**LISA A. BARCLAY**

4